On Rehearing
DIXON, Judge.
As stated in our original opinion, this is an action to reform an option and to enforce it. Plaintiff maintains that there was mutual error in the description of the land in the option. Defendant denies any error.
The option described the land involved as follows:
“A tract of land containing approximately 7.1 acres, more or less, known as Tract 63 on page 898-A, Assessors Country Plat, Records of Caddo Parish, Louisiana, together with all buildings and other improvements thereon.”
The description was taken from the assessor’s plat book, which shows:

Tract 63 was acquired by defendant on April 17, 1962. Following some negotiations, he acquired Tract 62 on February 16, 1966. By letter dated February 16, 1966, *831 defendant was informed by his attorney: “I did not examine title to the property, and I caution you not to sell this tract to anyone else at a later date by ‘warranty deed’ in which you will be warranting that you own good title to the tract.”
On February 18, 1966 Davis signed a “listing” with the real estate agent. The listing was on a form prepared by the realtor and contained no description of the property. There was a blank space in which the location was to be inserted. As completed, the “listing” referred to the property in two places. The first sentence in the instrument was: “This will constitute your exclusive authority to sell my property located at Service Road near Buncombe Road.” Toward the end of the “listing” the words “To be included in the purchase price are” were followed by several blank lines, on one of which was written “approximately 7 acres.” There was no other reference to the property in the “listing.” (A survey shows 6.84 acres in Tract 63, and 0.17 acre in Tract 62).
In our original opinion we treated the issue as a purely factual matter and affirmed the trial judge. We did not discuss the many cases indicating that the burden of proof in a suit to reform a contract is heavier than that in an ordinary civil case. Before the courts will reform a written instrument because of error, the error must be shown to have been mutual by clear proof of the strongest possible type. Wilson v. Levy, 234 La. 719, 101 So.2d 214 (1958). See Walker v. Jim Austin Motor Company, 162 So.2d 135 (1964) and the cases there collected.
The evidence is convincing that plaintiff Bray intended to buy both Tract 62 and 63. On the other hand, clear and strong proof that Davis intended the option to include Tract 62 is lacking. We are now convinced that plaintiff has failed to sustain the heavy burden of proof that is required before we can reform an instrument, plain and unambiguous in its terms.
Bray “initiated” the option, as he testified. Davis only signed it when it was presented to him by the realtor. Davis had been warned by his lawyer not to give a warranty deed for Tract 62. He was a reluctant vendor and the record is devoid of proof that he intended, when he signed the option, to sell any more land than was called for by the plain terms of the instrument. We must not assume that he intended to sell land that was not described.
In Gladish v. Godchaux, 46 La.Ann. 1571, 16 So. 451 (1894), an owner of an undivided one-half of Utopia Plantation sold her interest, describing the plantation by name and by lots, which it contained. Lot 16 was one of several which, without question, constituted Utopia. Lot 16 was omitted from the deed by which the owner conveyed her interest in Utopia. The court said, at 16 So. 453:
“As to the undivided half of Mrs. Perkins, claimed by plaintiffs, as her assignees, the case, in our view, is different. She remained indisputably the owner of her one-half at and before the succession sale of James Billiu. Her conveyance to Billiu is in 1882. It mentions the Utopia plantation, but omits lot No. 16, in enumerating the lots. On the face of that conveyance, she remained owner of one-half of lot No. 16. How can we assume that she intended to convey her interest in that lotf The defendant undertook to show her intention in that respect. It is contended the various acts of January, 1882, were a settlement of the partnership, denoting her purpose to convey all her interest in all land ever belonging to the Utopia, and necessarily including her part of No. 16. But her conveyance omits No. 16. The parol proof administered (her own and the testimony of John W. Billiu) fails, in our view, to show any intention other than that we can deduce from the acts. She testifies, in effect, that she committed everything pertaining to that settlement to her husband, and has no *832 knowledge on the subject. The husband was dead. John S. Billiu adds nothing of benefit to defendant. What he does say of any pertinence makes, in our view, against defendant. No reference, he says, was made to No. 16 in that settlement. No change in boundaries occurred, he testifies, till 1882; rather implying that her part of No. 16 was then reserved to her. At best, the defendant has made it probable she intended to convey her interest in that lot. But the written title, omitting that lot, must stand, unless the error is established. We cannot overthrow the title to real estate on any theory of probable intention.” (Emphasis added.)
Regardless of Bray’s contention concerning the land covered by the option, he exercised his rights under the option and called upon Davis to comply with its terms and convey the property in a letter dated July 6, 1966, and a telegram dated July 8. This acceptance was without equivocation or condition. Bray is entitled to specific performance.
It is now ordered that our original opinion is vacated, and the judgment of the district court is reversed; there is now judgment in favor of appellant, John P. Davis, Jr., and against appellee, John C. Bray, rejecting appellee’s demands for reformation of that certain option contract between them dated March 8, 1966 covering Tract 63 on page 898-A of the Caddo Parish Assessor’s Country Plat Book, and the defendant is ordered specifically to perform said option contract and to transfer by formal act of sale to the plaintiff, John C. Bray, the following described property:
From the Southeast corner of the Northeast Quarter of Section 24, Township 17 North, Range 15 West, which is also the Southeast corner of Lot 1 of the H. D. Dennis Estate Subdivision, per map recorded in Book 150, page 179 of the records of Caddo Parish, Louisiana, run north along the east line of the Northeast Quarter of Section 24, Township 17 North, Range 15 West a distance of 1241.43 feet to the point of beginning of the tract herein described; run thence north along the said east line of the Northeast Quarter of Section 24 to the south line of Interstate 20; run thence southwesterly along said south line of Interstate 20 for a distance of 505.38 feet; run thence south 61.86 feet, thence west 194.3 feet to the said south line of Interstate 20; run thence southwesterly along said south line of Interstate 20 to the easterly boundary of Dixie Boulevard; run thence south along the east line of Dixie Boulevard 335 feet; run thence south 89° 50' east 678.2 feet to the point of beginning, all as shown on that certain map of survey dated May 18, 1967 by John R. Bowman, C. E.
The defendant is to effect the transfer within a delay of twenty days from the date this judgment becomes final.
It is further ordered that in the event the defendant does not deliver the formal act of sale within the delay fixed herein, then the plaintiff, John C. Bray, is recognized as the owner of the property described in this judgment upon the plaintiff’s depositing in the registry of the First Judicial District Court in and for the Parish of Caddo the sum of $60,000.00.
All costs of this suit are to be equally divided between plaintiff and defendant.